## WELCH et al. v. CORO, Inc.

United States District Court
S. D. New York.
April 30, 1951.

Darby & Darby, New York City, Floyd H. Crews, Donald J. Overocker, New York City, of counsel, for plaintiffs.

Mock & Blum, New York City, Richard W. Blum, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

Leave was granted to the defendant on April 17, 1951 to amend its answer. Plaintiffs' motion to strike paragraphs 19 and 20 of the amended answer, or in the alternative to grant summary judgment thereon, will be considered on the merits as indicated upon the argument.

Plaintiffs Charles L. Welch and Charles E. Welch are Administrators of the Estate of Horace H. Welch, who was the original plaintiff in this action for patent infringement. The patent relating to the manufacture of a jewel, which is involved in this action, was assigned to Robert N. Rose on May 14, 1948, together with the decedent's jewelry business. On October 7, 1948 the Administrators assigned all rights to bring action for prior infringements of the patent to Rose. In return Rose agreed to pay the Administrators $1500 plus 50% of the net proceeds of any recovery, less $1500.

The patent expired on March 22, 1949 so that the action now brought is one for an accounting for damages and profits only. The Administrators were substituted for the decedent in the action and Rose added as a party plaintiff.

Paragraphs 19 and 20 of the amendment to the answer to the supplemental complaint allege that the second assignment was champertous and that therefore Rose has no standing to sue in this Court.

■ Champerty is an ancient common law doctrine which is defined as an agreement whereby a person without interest in another's suit undertakes to carry it on at his own expense, in whole or in part, in consideration of receiving, in the event of success, a part of the proceeds of the litigation. The doctrine still survives in the federal law, though extensive inroads have been made upon its scope because of the present liberality toward assignment of choses in action. An excellent discussion of the subject is to be found in volume 14 of Corpus Juris Secundum, Champerty and Maintenance, § 1, page 356 et seq., and therefore I do not feel that it is necessary to discuss the doctrine at great length here.

■ The defendant relies on the case of Gregerson v. Imlay, D.C.S.D.N.Y.1861, Fed.Cas.No.5,795. In that case one party to a champertous contract was seeking to enjoin the other party to the contract from violating it. The Court sitting as a Court of Equity refused to uphold the agreement as being tainted with champerty. That case, however, is no authority for allowing defendant's motion, for the law is that the defendant in an action has no standing to complain that there is a champertous agreement between the party suing him and someone else—i.e. a defendant cannot avail himself of a champertous agreement to which he is not a party as a defense to an action brought against him. 14 C.J.S., Champerty and Maintenance, §§ 38, 47, pages 382–383, 387. The only exception to this general rule is where the plaintiff in the action is a mere volunteer in the action and is suing the defendant solely on rights or claims assigned to plaintiff in a champertous agreement.

■ In this action the Administrators sold and assigned the patent and decedent's business to Rose on May 14, 1948. It is alleged that defendant continued to infringe the patent until its expiration in March of 1949. Therefore Rose has a valid cause of action in his own right for infringement of the patent from May 1948 until March 1949. The action is brought in the name of the Administrators as well as Rose for "damages sustained by plaintiffs" and it is clear that Rose may have sustained damage independently of any damages sustained by the Administrators and therefore his cause of action is not based on the alleged champertous agreement. Rose is not a stranger to the action buying his way in. Undoubtedly in trying to control the entire patent infringement action Rose is merely seeking to protect a legitimate business interest of his own, which protection he could not expect from mere administrators of an estate. See Chester H. Roth, Inc., v. Esquire, decided by the Court of Appeals for this Circuit on January 17, 1951. 186 F.2d 11. Therefore the defendant cannot avail himself of the doctrine of champerty as a defense to this action.

In addition, it appears that the doctrine of champerty could not be applied to the assignee of a patent. An assignee of a patent can validly and legally have assigned to him all past claims for damages due to infringement. 35 U.S.C.A. § 47, and cases decided under that Section, e.g., Lewis Invisible Stitch Mach. Co. v. Columbia Blindstitch Mach. Mfg. Corp., D. C. S.D.N.Y.1937, 22 F.Supp. 705, 711. This being so, there can be no allegation of champerty in this case against the bona fide assignee of the patent in question.

Motion to strike paragraphs 19 and 20 of the amended answer is granted. Settle order.